UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV509 HEA |
| | ) | |
| C.J.F. PARK, INC., and BEN F. | ) | |
| BLANTON CONSTRUCTION, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant Ben F. Blanton Construction, Inc.'s, (Blanton), Motion to Dismiss, [Doc. No. 36]. Plaintiff opposes the motion and has filed a written opposition thereto. For the reasons set forth below, the motion is denied.

Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46

(1957); *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff." *Id.; Midwestern Machinery, Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir. 1999); *Federer v. Gephardt*, 363 F.3d 754, 757 (8th Cir. 2003). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate entitlement to relief." *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

**Facts and Background**

Plaintiff's Third Amended Complaint[1] seeks recovery for an injury allegedly occurring at 1340 South 7th Street in the City of St. Louis, Missouri. This Complaint

---

[1] Although this matter was filed in this Court, plaintiff has styled his pleadings as "Petitions" rather than "Complaints." For purposes of clarity, the Court will refer to the pleadings under the Federal procedure as "complaints."

alleges that plaintiff was dining in an establishment on February 23, 2005 when a planter box fell on the plaintiff causing severe injury. It is further alleged that Blanton installed planter boxes at the property. Counts III and IV of the Third Amended Complaint seeks recovery from defendant Blanton based on Blanton's alleged suspension of planter boxes on the property. These counts allege that Blanton was negligent in failing to: manage, inspect, and maintain Blanton's planter boxes in a safe condition; properly secure the planter boxes; have a system for inspection of the planter boxes; and warn patrons of unsecured planter boxes.

## Discussion

Blanton moves to dismiss arguing that it completed its construction in 1988, and as such, plaintiff's claims against it are barred by the applicable statute of limitations, Section 516.097 of the Missouri Revised Statutes, which provides that actions against builders of allegedly defective or unsafe conditions of any improvement to real property must be commenced within 10 years of the completion date of the improvement. Since this action was filed on August 15, 2005, defendant argues that it is entitled to dismissal.

The Court agrees with plaintiff that defendant's unsupported allegations of completion is insufficient to dismiss this action against Blanton. The Third Amended Complaint sufficiently sets forth a cause of action against Blanton. Based solely on

the allegations of this Complaint, the Court cannot say that plaintiff can prove no set of facts which would entitle him to relief.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. 36], is denied.

Dated this 30th day of November, 2005.

_____
    HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE

---

[2] The Court's finding that the Complaint sufficiently states a cause of action does not, of course, preclude defendant from filing further motions supported by admissible documentation establishing defendant's completion of the improvements to the property.